IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CASE NO. 5:20-CR-092-H-BQ-1 |
| | § § § | |
| ARMANDO INFANTE-RODRIGUEZ | § | |

### REPORT AND RECOMMENDATION ON PLEA
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

This case has been referred by the United States district judge to the undersigned for the taking of a guilty plea. The parties have consented to appear before a United States magistrate judge for these purposes. This Report and Recommendation on Plea is submitted to the Court under 28 U.S.C. § 636(b)(3).

Under authority granted by Congress in the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) and based upon findings by the United States Judicial Conference that emergency conditions exist that materially affect the functioning of the Court, Chief Judge Barbara M. G. Lynn issued Special Order 13-9 in which she specifically found that felony pleas under Federal Rule of Criminal Procedure 11 cannot be conducted in person without seriously jeopardizing public health and safety. As a result, Special Order 13-9 authorizes the use of video teleconferencing for taking felony guilty pleas in particular cases where the district judge has made a finding that the plea cannot be further delayed without serious harm to the interests of justice. Upon the joint motion of both parties, the district judge has made such a finding in this case.

The defendant appeared via video teleconference with counsel before the undersigned United States magistrate judge who addressed the defendant personally in open court and informed the defendant of, and determined that the defendant understood, the admonitions contained in Rule 11 of the Federal Rules of Criminal Procedure.

The defendant pleaded guilty (under a written plea bargain agreement with the government) to *Count One of the Indictment charging defendant with a violation of 8 U.S.C. § 1326(a) and 6 U.S.C. §§ 202(3), 202(4), and 557, that is, Illegal Re-entry After Deportation.* The undersigned magistrate judge finds the following:

1. The defendant, upon advice of counsel, has consented orally and in writing to enter this guilty plea before a magistrate judge, subject to final approval and sentencing by the presiding district judge;

2. The defendant fully understands the nature of the charges (including each essential element of the offense(s) charged) and penalties;

3. The defendant fully understands the terms of the plea agreement and plea agreement supplement;

4. The defendant understands all constitutional and statutory rights and wishes to waive these rights, including the right to a trial by jury and the right to appear before a United States district judge;

5. The defendant's plea is made freely and voluntarily;

6. The defendant is competent to enter this plea of guilty;

7. There is a factual basis for this plea; and

8. The ends of justice are served by acceptance of the defendant's plea of guilty.

Although I have conducted these proceedings and recommend acceptance of the defendant's plea of guilty, the United States district judge has the power to review my

actions and possesses final decision-making authority in this proceeding. Thus, if the defendant has any objections to these findings or any other action of the undersigned, he is required to make those known to the United States district judge within fourteen (14) days of today.

Based on the above, I recommend that the defendant's plea of guilty be accepted, that the defendant be adjudged guilty, and that sentence be imposed accordingly.

Signed September 23, 2020.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE